**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JEROME CROSS,**

    Petitioner,                    CASE NO. 2:08-CV-0435
                                   CRIM. NO. 2:02-CR-083
v.                                 JUDGE GRAHAM
                                   MAGISTRATE JUDGE E.A. PRESTON DEAVERS

**UNITED STATES OF AMERICA,**

    Respondent.

**OPINION AND ORDER**

On July 15, 2010, final judgment was entered dismissing Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Doc. No. 161. This matter now is before the Court on Petitioner's motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).[1] For the reasons that follow, Petitioner's motion for reconsideration, Doc. No. 162, is **DENIED**. Federal Rule of Civil Procedure 59 provides:

> (a) In General.
>
> (1) *Grounds for New Trial.* The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
>
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
>
> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
>
> (2) *Further Action After a Nonjury Trial.* After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new

---

[1] Petitioner is not altogether clear in his motion for reconsideration under which Rule of Civil Procedure he proceeds. He also mentions Federal Rule of Civil Procedure 52, which has no application here.

judgment.

(b) Time to File a Motion for a New Trial. A motion for a new trial must be filed no later than 28 days after the entry of judgment.

(c) Time to Serve Affidavits. When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.

(d) New Trial on the Court's Initiative or for Reasons Not in the Motion. No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.

(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

In his motion for reconsideration of final judgment of dismissal of his claims on the merits, Petitioner raises no new arguments that have not already been considered.  He again seeks an evidentiary hearing on his claims, and asserts that he would have pleaded guilty, but for the ineffective assistance of counsel.  According to Petitioner, had he known that he could enter a guilty plea without agreeing to cooperate with the government, he would have done so to avoid a lengthier sentence.  *See Motion for Reconsideration*.

To the extent Petitioner moves under Rule 59, the Court may consider his application for reconsideration.  *See Howard v. United States,* 533 F.3d 472 (6th Cir. 2008)(holding that the limitations on successive motions under Rule 60(b) of the Federal Rules of Civil Procedure, do not

apply to motions under Rule 59; *see also Gonzalez v. Crosby*, 545 U.S. 524 (2005).[2]  Yet, in this

---

[2] In *Gonzalez v. Crosby*, the United States Supreme Court held:

> Using Rule 60(b) to present new claims for relief . . . – even claims couched in the language of a true Rule 60(b) motion– circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

545 U.S at 531-32.  However, in *Howard v. United States*, 533 F.3d 472, 474 (6th Cir. 2008), the United States Court of Appeals for the Sixth Circuit held that this reasoning does not apply to motions under Rule 59(e):

> The purposes behind Rule 59(e), as well as the mechanics of its operation, counsel in favor of the nonapplicability of second-or-successive limitations....  Under Fed. R.App. P. 4(a)(4)(A)(iv), a timely Rule 59(e) motion automatically tolls the period for filing a notice of appeal. Because a Rule 59(e) motion only "operates to suspend the finality of the [district] court's judgment," *Miltimore Sales, Inc.,* 412 F.3d at 688 (quoting *Browder v. Dir., Dep't of Corr.,* 434 U.S. 257, 267, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978)), it is not a collateral action. Conversely, a Rule 60(b) motion... does not toll the deadline for appeals, and thus does not prevent a judgment from becoming final. *Stone v. INS,* 514 U.S. 386, 401, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Townsend v. Soc. Sec. Admin.,* 486 F.3d 127, 133 (6th Cir.2007).
>
> Second, extending the holding of *Gonzalez* to Rule 59(e) motions would attribute to Congress the unlikely intent to preclude broadly the reconsideration of just-entered judgments. The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate,* 858 F.2d 322, 326 (6th Cir.1988) (quoting *Charles v. Daley,* 799 F.2d 343, 348 (7th Cir.1986)). If the holding of *Gonzalez* applied to Rule 59(e) motions, it would almost always be effectively impossible for a district court to correct flaws in its reasoning, even when the problems were immediately pointed out and could be easily fixed by that court. Court of appeals permission would be required, and could only be granted in the extremely limited circumstances provided by 28 U.S.C. § 2255(h).

case, Petitioner has raised no grounds warranting relief under Rule 59.  As previously discussed, Petitioner's allegation that he had any interest in entering into plea negotiations with the Government is flatly contradicted by the record and not worthy of credit.

Petitioner's Rule 59 motion, Doc. No. 162, therefore is **DENIED**.

**IT IS SO ORDERED.**

S/ James L. Graham<br>JAMES L. GRAHAM<br>United States District Judge

Date: August 10, 2010